IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MUSTAFA-EL K.A. AJALA
f.k.a. Dennis E. Jones-El, and
SPENCER A. BROWN,

                                            ORDER
                    Plaintiffs,
    v.                                     13-cv-184-bbc

KELLI WEST, AMY SMITH,
RICK RAEMISCH, TODD OVERBO,
CATHY JESS, HUIBREGTSE,
GARY HAMBLIN, TIM HAINES,
CHARLES COLE, STEVE CASPERSON,
GARY BOUGHTON and ANTHONY BROADBENT,

                   Defendants.
_____

       This is a proposed civil action brought by two plaintiffs, Mustafa-El K.A. Ajala, who is a prisoner at Wisconsin Secure Program Facility in Boscobel, Wisconsin and Spencer Brown, who is a prisoner at Green Bay Correctional Institution in Green Bay, Wisconsin.  Plaintiffs allege violations of their constitutional rights.  Each plaintiff has filed a request for leave to proceed *in forma pauperis*.  A decision on the requests will be delayed until each plaintiff makes an initial partial payment of the $350 filing fee and until each plaintiff confirms that he wishes to prosecute his action jointly, knowing the consequences of doing so.

       First, although plaintiffs have joined their claims in one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must pay the full $350 fee for filing the action.  *Boriboune v. Berge*, 381 F.3d at 856 (7th Circ. 2004).  Before this court can screen the complaint, each plaintiff will have to pay an initial partial payment of the fee pursuant to 28 U.S.C. § 1915(b) and is responsible for paying the remainder of the fee in installments pursuant to 28 U.S.C. § 1915(b)(2).

In addition, if the court finds that the entire action is legally frivolous (meaning completely without merit) or malicious or that it fails to state a claim upon which relief may be granted, the court will be required to record a strike under 28 U.S.C. § 1915(g) against each plaintiff named in the caption of the action. (A litigant who incurs a total of three strikes for filing meritless actions cannot file *in forma pauperis* in any case except one in which he alleges that he is in immediate danger.)

Each plaintiff will be held legally responsible for knowing precisely what is being filed in the case on his behalf and will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are found warranted in any aspect of the case.

Finally, in screening the complaint, the court will consider whether the action of one plaintiff should be severed from the action of the other plaintiff and, if it decides severance is appropriate, the plaintiff bringing the severed action will be required to prosecute his claims in a separate lawsuit.

Because plaintiffs may not have been aware of the consequences of joining their claims in one lawsuit, I will give each an opportunity to withdraw from the suit. Any plaintiff who does not withdraw will be required to make an initial partial payment of the $350 fee for filing the action whether he prosecutes the case separately or with other plaintiffs.

From plaintiff Ajala's trust fund account statement, I conclude that he must pay $19.59 as an initial partial payment of the $350 fee for filing his complaint. If he does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account.

An initial partial payment cannot be calculated at this time for plaintiff Brown because he has not submitted the necessary trust account statement.  The complaint in this case was submitted on March 14, 2013.  Therefore, plaintiff Brown's trust fund account statement should cover the six-month period beginning approximately September 14, 2012 and ending approximately March 14, 2013.  Once plaintiff Brown has submitted the necessary statement, I will calculate his initial partial payment and advise him the amount he will have to pay before the court can screen the merits of the complaint under 28 U.S.C. § 1915(e)(2).

Should a plaintiff choose to withdraw from the lawsuit, he will not have to pay the $350 filing fee.  Similarly, should a plaintiff fail to respond to this order, he will be considered to have withdrawn from the lawsuit and he will not have to pay the filing fee.

ORDER

IT IS ORDERED that

1.      Each plaintiff may have until April 17, 2013, in which to advise the court whether he wishes to prosecute this action jointly.

2.      If plaintiffs decide to proceed with the action,

    a.      Plaintiff Mustafa-el K.A. Ajala may have until April 17, 2013, in which to submit a check or money order made payable to the clerk of court in the amount of $19.59.

    b.      Plaintiff Spencer Brown may have until April 17, 2013, in which to submit a trust fund account statement for the period beginning September 14, 2012 and ending approximately March 14, 2013.

3.      If, by April 17, 2013, any plaintiff fails to respond to this order as directed, that

plaintiff will be considered to have withdrawn from the lawsuit voluntarily and

will be dismissed from the case without being charged any portion of the $350

filing fee.


Entered this 26th day of March, 2013.

BY THE COURT:


/s/
PETER OPPENEER
Magistrate Judge