IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MUSTAFA-EL K.A. AJALA
f.k.a. Dennis E. Jones-El, and
SPENCER A. BROWN,

                                                            ORDER
                      Plaintiffs,

      v.                                                  13-cv-184-bbc

KELLI WEST, AMY SMITH,
RICK RAEMISCH, TODD OVERBO,
CATHY JESS, HUIBREGTSE,
GARY HAMBLIN, TIM HAINES,
CHARLES COLE, STEVE CASPERSON,
GARY BOUGHTON and ANTHONY BROADBENT,

                    Defendants.

---

In response to this court's March 26, 2013, order, plaintiff Mustafa-El K.A. Ajala has submitted an $19.59 initial partial payment of his $350 filing fee in this case. In addition, plaintiff Spencer Brown has submitted a certified copy of his six-month trust fund account statement so that I can determine whether he qualifies for indigent status and, if he does, calculate an initial partial payment of his $350 fee for filing this case. I also gave plaintiffs a deadline to advise the court whether each of them wishes to prosecute this case jointly. Although plaintiffs did not specifically advise the court in writing whether they wish to prosecute this action jointly, I will construe it is their intention to do so because each have responded to this order by submitting either an initial partial payment or a trust fund account statement.

In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month

period immediately preceding the filing of the complaint.

In this case, 20% of the average monthly deposits made to plaintiff Spencer Brown's account is $29.10, but 20% of the average monthly balance is $217.75.  Because the greater of the two amounts is 20% of the average monthly balance, or $217.75, that is the amount Brown will be assessed as an initial partial payment of the filing fee.  If Brown does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account.  This does not mean that Brown is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount Brown must pay at this time is the $217.75 initial partial payment.  Before prison officials take any portion of that amount from Brown's release account, they may first take from Brown's regular account whatever amount up to the full amount he owes.  Brown should show a copy of this order to prison officials to insure that they are aware they should send Brown's initial partial payment to this court.

An additional matter in this case requires comment.  On April 30, 2013, plaintiff Ajala filed a motion for an order directing Wisconsin Secure Program Facility's business office to release his release account funds to pay the initial partial filing fee and for an extension of time, *see* dkt. 12.  On the same day, Ajala's $19.59 initial partial payment was received by the court. His $19.59 initial partial payment has been processed and is considered paid.  Accordingly, Ajala's motion will be denied as moot.

ORDER

IT IS ORDERED that

1. Plaintiff Spencer Brown is assessed $217.75 as an initial partial payment of his $350 fee for filing this case. Brown is to submit a check or money order made payable to the clerk of court in the amount of $217.75 on or before May 24, 2013. If, by May 24, 2013, Brown fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn from the lawsuit voluntarily and will be dismissed from this case without being charged any portion of the $350 filing fee.

2. Plaintiff Mustafa-El K.A. Ajala's motion for an order directing Wisconsin Secure Program Facility's business office to release his release account funds to pay the initial partial filing fee and for an extension of time, dkt. 12, is DENIED as moot.

Entered this 3rd day of May, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge