IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA
f.k.a. Dennis E. Jones-El, and
SPENCER A. BROWN,

                                                                    ORDER

                  Plaintiffs,

                                                                13-cv-184-bbc

    v.

KELLI WEST, AMY SMITH,
RICK RAEMISCH, TODD OVERBO,
CATHY JESS, PETER HUIBREGTSE,
GARY HAMBLIN, TIM HAINES,
CHARLES COLE, STEVE CASPERSON,
GARY BOUGHTON and ANTHONY BROADBENT,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated July 3, 2013, dkt. #14, I concluded that the complaint filed by plaintiffs Mustafa-El K.A. Ajala and Spencer Brown had to be severed because it included no fewer than 15 claims, many of which were unrelated to each other. I concluded that plaintiffs' claims could be grouped into four lawsuits about (1) policies and practices surrounding Ramadan; (2) policies and practices surrounding halal; (3) restrictions on Jumuah and Taleem; and (4) restrictions on wearing a kufi. All of plaintiff Brown's claims were included in what I labeled Lawsuit #1 regarding Ramadan, so he did not need to choose which lawsuits he wanted to pursue. However, I instructed plaintiff Ajala to choose which lawsuits he wanted to pursue and which ones he wanted to dismiss without prejudice to his

1

refiling them at a later date.

In response, plaintiff Ajala says that he wants to proceed with each of the four lawsuits. Dkt. #17. He does not say which lawsuit he wants to prosecute as no. 13-cv-184-bbc (despite a request from the court that he do so), so I will construe plaintiff's silence on this issue to mean that he does not have a preference. To simplify matters, plaintiffs' joint claims regarding Ramadan will proceed as a no. 13-cv-184-bbc and I will direct the clerk of court to assign new case numbers to plaintiff Ajala's remaining three lawsuits.

Because both plaintiffs have made an initial partial payment for case no. 13-cv-184-bbc as required by 28 U.S.C. § 1915(b)(1), the claims that make up Lawsuit #1 are ready for screening, which I will do in a separate order. I will screen the remaining lawsuits after plaintiff submits an initial partial payment for each lawsuit. In assessing the amount of the initial partial payments, I will use the same trust fund account statement that plaintiff Ajala submitted for case no. 13-cv-184-bbc.

ORDER

1. This case is SEVERED in accordance with Fed. R. Civ. P. 20, Fed. R. Civ. P. 21 and the court's inherent authority.

2. The following claims will proceed as case no. 13-cv-184-bbc:

(a)   in 2012, defendant Todd Overbo denied Spencer A. Brown's request to be "added to the list for Ramadan participation" on the ground that Brown's request was untimely, even though Overbo granted an even later request of a white Muslim; plaintiff complained to Tim Haines, Kelli West and Charles Cole, who refused to take action;

    (b)    in 2012, defendant Overbo denied plaintiff Mustafa-El K.A. Ajala's request "to be added to the list for Ramadan fast meals" on the ground that Ajala's request was untimely, even though Overbo granted an even later request of a white Muslim; plaintiff complained to defendants Haines, West and Cole, who refused to take action;

    (c)    in 2008, 2009 and 2010 defendant Anthony Broadbent failed to provide plaintiff Ajala's Ramadan meals before the dawn prayer; Ajala complained to defendants Overbo, Peter Huibregtse and Richard Raemisch, but they refused to take action;

    (d)    in 2008, 2009 and 2010 defendant Broadbent failed to provide Ajala hot meals during Ramadan; Ajala complained to defendant Raemisch, but he refused to take action;

    (e)    in 2008, 2009 and 2010 defendants Overbo, Huibregtse and Broadbent "shortened the meal portions on all Muslims fasting during Ramadan to approximately one whole meal less each day"; Ajala complained to defendant Raemisch, but he refused to take action;

    (f)    in 2012 defendants West, Cathy Jess, Overbo, Broadbent, Haines and Cole denied plaintiff Brown's request for an Eid-ul-Fitr meal;

    (g)    in 2010 defendants Overbo, Broadbent and Huibregtse denied Ajala's request for an Eid-ul-Fitr meal;

    (h)    in 2011 and 2012 defendants Overbo, Broadbent, Haines, West, Jess and Cole denied Ajala's request for an Eid-ul-Fitr meal.

2. The following claims will proceed as case no. 13-cv-544-bbc:

    (a)    in 2006 defendant Raemisch, "under the direction of defendant Steve Casperson," denied Ajala's request for a halal diet;

    (b)    in 2007, "at the direction of defendants Raemisch and Casperson," defendants Overbo, Huibregtse, Gary Boughton and Broadbent denied Ajala's request for a halal diet;

    (c)    in 2008 defendants Raemisch, Casperson, Boughton, Broadbent and Amy Smith denied Ajala's request for a halal diet;

    (e)    in September 2009, defendants Raemisch, Casperson, Boughton,

     Broadbent, Smith, Jess, West, Haines, Cole and Huibregtse denied Ajala's request for a halal diet;

(f) defendants Casperson, Jess, Raemisch, West, Cole, Smith and Gary Hamblin "implemented" a policy that required Ajala in October 2009 to sign an agreement that the "vegan/vegetarian" diet "accurately reflect[s]" Ajala's "religious needs," even though that diet is more restrictive than a true halal diet.

3. Plainitff Ajala's claim that since June 2008 defendants Huibregtse, Haines, Boughton, Overbo, Raemisch and West have been refusing to allow Ajala to attend Jumuah and Taleem services will proceed as case no. 13-cv-545-bbc.

4. Plaintiff Ajala's claim that defendants Overbo, Boughton, Huibregtse, Raemisch and West have been refusing to allow Ajala to wear his kufi outside his cell and the chapel will proceed as case no. 13-cv-546-bbc.

5. The following defendants are DISMISSED from case no. 13-cv-184-bbc: Smith, Hamblin, Casperson and Boughton.

6. I will screen case no. 13-cv-184-bbc in a separate order.

7. Plaintiff is directed to make three additional initial partial payments in the amount of $19.59 for each new case. With respect to each payment he submits, he should identify which case the payment is for. I will screen those cases in a separate order after plaintiff

submits those payments.

Entered this 12th day of August, 2013.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge