IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA
f.k.a. Dennis E. Jones-El, and
SPENCER A. BROWN,

                                                                         OPINION and ORDER

                       Plaintiffs,

                                                                          13-cv-184-bbc

    v.

KELLI WEST, RICK RAEMISCH,
TODD OVERBO, CATHY JESS,
PETER HUIBREGTSE, TIM HAINES,
CHARLES COLE and ANTHONY BROADBENT,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoners Mustafa-El K.A. Ajala and Spencer Brown have filed supplemental summary judgment materials, as requested by the court. In particular, they have addressed the question whether defendant Todd Overbo's refusal to grant their 2012 request to receive meal accommodations for Ramadan violated their rights under the free exercise clause. Dkt. ##76-77. In addition, plaintiff Ajala has filed a motion for reconsideration with respect to the decision to grant summary judgment to defendants on Ajala's claims related to Eid al-Fitr, the celebration at the end of Ramadan. For the reasons stated below, I am denying plaintiff Ajala's motion for reconsideration, but I am allowing plaintiffs' free exercise claim against defendant Overbo to proceed to trial.

OPINION

A. Ramadan Accommodations

In their complaint, plaintiffs included a claim that defendant Overbo violated the free exercise clause by denying their requests in 2012 for Ramadan accommodations, which included receiving meals before sunrise and after sunset. I dismissed this claim on the ground that plaintiffs admitted that they had missed the deadline for requesting Ramadan accommodations and that, under Turner v. Safley, 482 U.S. 78 (1987), defendant Overbo was entitled to impose a deadline on prisoners who wished to receive Ramadan accommodations. In addition, I concluded that plaintiffs' free exercise claim was inconsistent with the test set forth in Employment Division, Dept. of Human Resources of Oregon v. Smith, 494 U.S. 872 (1990), in which the Supreme Court held that free exercise clause does not require accommodation of religious exercise if the government is applying a generally applicable rule. However, I allowed plaintiffs to proceed on a claim under the equal protection clause that Overbo had refused their requests because of their race.

In the summary judgment opinion, I dismissed plaintiffs' equal protection claim because they had not adduced evidence of race discrimination. However, in the context of their argument for that claim, plaintiffs cited Conyers v. Abitz, 416 F.3d 580, 585 (7th Cir. 2005), a case that I had overlooked in the screening order. Because Conyers suggested that plaintiff's free exercise claim should not have been dismissed at screening, I allowed plaintiffs to submit supplemental materials on their free exercise claim.

Conyers involved a free exercise claim very similar to plaintiffs'. As in this case,

2

officials had denied a Muslim prisoner's request for Ramadan accommodation on the ground that the request was late. The district court dismissed the claim, but the Court of Appeals for the Seventh Circuit reversed, concluding that the defendants' "summary judgment evidence [was] too poorly developed to support a decision in their favor." Id. at 585.

First, the court rejected the view that "a sign-up deadline like the one imposed is a reasonable administrative requirement under any circumstances." Id. Second, the court stated that "nothing in this record indicates that convenience and notice to prison staff justified the rejection of Conyers's request to participate in the fast, especially since he missed the notification deadline by just four days and in fact alerted the defendants that he desired to participate in the Fast of Ramadan two days before it began." Id. Third, the court noted that the defendants had not explained why they denied the plaintiff's request but accepted late requests from prisoners transferred from other prisoners after the deadline. Id. Finally, the court stated that defendants had presented no evidence that the plaintiff knew about the sign-up deadline. Id. at 586. For these reasons, the court concluded that the defendants had offered "insubstantial evidence" to support their decision to deny the prisoner's request. Id.

In this case, defendant Overbo has done a better job of justifying the decision to impose a deadline. The following facts are undisputed: (1) because there are more than 500 prisoners at the Boscobel prison and food production is done on a large-scale basis, food services staff begin planning for Ramadan approximately three months in advance; (2) before Ramadan begins, staff change the recipes for the general menu to take into account the

3

number of prisoners who are not receiving normal meals during Ramadan; (3) the Department of Corrections must approve the changes; (4) food is delivered to the prison three weeks prior to the start of Ramadan "to ensure that food is thawed per appropriate food service standards," Dfts.' PFOF ¶ 43, dkt. #73; and (5) food services staff prepare Ramadan meals three to four days in advance of food delivery.

In addition, defendant Overbo has explained the reasons for making an exception for some prisoners who are transferred after the deadline. In particular, the Department of Corrections has singled out prison transfers as a ground for making an exception to the deadline because those prisoners have no way of making a timely request and because the number of those prisoners each year will be very small and thus more easily accommodated.

The sticking point in this case is whether plaintiffs had adequate notice of the deadline. In the summary judgment opinion, I stated mistakenly that plaintiff Ajala admitted that he had received notice in advance of the deadline. In the declaration accompanying plaintiffs' supplemental brief, Ajala says that, in previous years, he and other prisoners relied on a written notice informing them of the deadline for signing up for Ramadan accommodations, but in 2012, defendant Overbo did not provide a written notice. Dkt. #77. Although a televised notice was provided, Brown could not view it because he was in segregation and Ajala did not see it until after he missed the deadline. Id.

Under Conyers, if plaintiffs did not have notice of the deadline, then applying the deadline to them may not have been reasonably related to a legitimate penological interest. Because plaintiffs have raised a genuine issue of material fact regarding whether they had

4

notice, I conclude that plaintiffs' free exercise claim must proceed to trial. As discussed above, plaintiffs' claim may be inconsistent with Smith, but, in Conyers, the court did not find that Smith was a barrier to the prisoner's claim. Because the facts of this case are so similar to Conyers, I decline to apply the rule in Smith.

I acknowledge that defendants did not have an opportunity to seek summary judgment on this claim, but I see little purpose in allowing a second round of summary judgment. It is clear that the issue of notice is disputed because defendants argued in their summary judgment materials that plaintiffs had adequate notice of the deadline. Even if defendant Overbo presented additional evidence that plaintiffs had adequate notice, that would simply confirm the existence of disputed facts.

I also acknowledge that trials involving the Turner standard often are tried by the court rather than a jury. E.g., Overton v. Bazzetta, 539 U.S. 126 (2003). This includes, Conyers v. Abitz, No. 01-C-1109, 2006 WL 3147402 (E.D. Wis. Oct. 27, 2006), which was scheduled for a court trial before the case settled. However, I have not uncovered any authority requiring cases like this one to be court trials rather than jury trials. Accordingly, I will give the parties an opportunity to inform the court whether they wish to proceed with a court trial or a jury trial and to provide any authority that might be relevant to the decision.

B.  Eid al-Fitr

In the summary judgment opinion, I understood plaintiff Ajala's claim regarding Eid

al-Fitr as having two components. First, he challenged the policy of providing the "regular institutional meal" for Eid al-Fitr rather than special food. Second, he said that defendants are discriminating on the basis of religion by having a turkey dinner to celebrate Christmas and by allowing prisoners to use their own funds to purchase certain foods from outside vendors. I rejected Ajala's first argument because he had not adduced any evidence that the type of food served at Eid al-Fitr has any religious significance. I rejected the second argument because the Constitution does not prohibit the government from celebrating secular aspects of Christmas, such as food. In addition, I concluded that Ajala had not developed arguments that he was entitled to attend the Eid al-Fitr celebration when he did not complete the Ramadan fast (which was the situation in 2010) or was housed in segregation (which was the situation in 2011 and 2012), so I treated those issues as forfeited.

In his motion for reconsideration, plaintiff Ajala says that his claim "was not for a special kind of food, but the annual religious celebratory meal defendants had been providing." Dkt. #80 at 3. Ajala does not explain further, which is a common problem in Ajala's filings. However, as far as I can tell, Ajala's argument is that officials were denying him the same meal that they were providing to other Muslim prisoners in 2010, 2011 and 2012. This argument fails as well.

Although plaintiff Ajala was not given the Eid al-Fitr meal in 2010, the reason was that he did not participate in Ramadan fasting that year. As I noted in the summary judgment opinion, Ajala did not develop an argument in his summary judgment materials

6

or cite any evidence that Muslims celebrate Eid al-Fitr if they do not participate in the Ramadan fast. Even now, Ajala does not develop this issue. Accordingly, the argument is forfeited. In any event, Ajala still does not argue that the type of food one eats at Eid al-Fitr has any religious significance, so Ajala's free exercise rights were not violated simply because he did not receive an extra dessert in 2010, which was the only difference between the Eid al-Fitr meal and the meal that he received. Dfts.' PFOF ¶ 87, dkt. #73.

With respect to 2011 and 2012, it was undisputed at summary judgment that Ajala "was given the same regular institution meals that the other Islamic inmates were given for . . . Eid al Fitr," Dfts.' PFOF ¶ 100, dkt. #73, so Ajala cannot argue successfully that he was treated less favorably than others at his prison. Ajala ignores his summary judgment admissions and points instead to defendants' answer, in which they admitted that they denied Ajala's 2011 and 2012 request for an Eid al-Fitr meal. However, that admission is meaningless because Ajala's grievances in 2011 and 2012 were that Muslims celebrating Eid al-Fitr were getting the same meals as other prisoners instead of a special meal as they had in the past, dkt. ##41-8 and 41-10, an argument I rejected in the summary judgment opinion. Ajala does not cite any evidence that he was denied a meal that other Muslim prisoners received. Accordingly, I am denying Ajala's motion for reconsideration.

ORDER

IT IS ORDERED that

1. The August 12, 2013 order is VACATED with respect to the decision to dismiss

plaintiffs Mustafa-El K.A. Ajala's and Spencer Brown's claim under the free exercise clause that defendant Todd Overbo refused plaintiffs' request to receive Ramadan accommodations in 2012. That claim will proceed to trial.

2. The parties may have until January 3, 2015, to inform the court whether they wish to proceed with a court trial or a jury trial and to provide any authority that might be relevant to the decision.

3. Plaintiff Ajala's motion for reconsideration, dkt. #79, is DENIED.

Entered this 5th day of December, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

8